

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-10-00391-CV

## IN RE TEXAS MUTUAL INSURANCE COMPANY

_____

## Original Proceeding

## O P I N I O N

Texas Mutual Insurance filed a petition for writ of mandamus requesting this Court to compel the Honorable Judge Robert G. Dohoney, a visiting judge sitting for the 66th District Court of Hill County, to grant Texas Mutual's plea to the jurisdiction and to dismiss the suit in its entirety for failure to exhaust administrative remedies before the Division of Worker's Compensation (DWC). We deny the petition.

### STANDARD OF REVIEW

A writ of mandamus properly issues when the relator demonstrates that the trial court abused its discretion and there is no adequate remedy by appeal. *In re Gulf Exploration, LLC*, 289 S.W.3d 836, 842 (Tex. 2009). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial

error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992).

### OVERVIEW OF WORKER'S COMPENSATION PROCESS

There are four potential levels to the determination and review of disputed issues in a worker's compensation claim. The first three are within the DWC and the fourth is a judicial review. But each of the four is considered administrative in the sense that all four must be exhausted before the claimant is considered as having exhausted the administrative process. The three-stage hearing process consists of: 1) the benefit review conference; 2) the contested case hearing; and 3) the administrative appeal. *Texas Workers' Compensation Com'n v. Garcia*, 893 S.W.2d 504, 514-15 (Tex. 1995).

A party may challenge the decision of the appeals panel by judicial review. TEX. LABOR CODE ANN. § 410.251 (West 2006). A decision of the appeals panel regarding benefits is final in the absence of a timely appeal for judicial review. TEX. LABOR CODE ANN. § 410.205(a) (West 2006). Judicial review is the fourth tier of the system for disposition of claims by the DWC. *In re Tyler Asphalt & Gravel Co., Inc.*, 107 S.W.3d 832, 840 (Tex. App.—Houston [14th Dist.] 2003, no pet.).

It is not disputed that Bell did not exhaust his administrative remedies.

### FACTUAL BACKGROUND

Leroy Bell was injured in the course of his employment with Warren Laboratories, Inc. Bell received worker's compensation benefits from Texas Mutual. In July 2007, Texas Mutual requested that the DWC appoint a designated doctor to

examine Bell and determine the maximum medical improvement (MMI), impairment rating, and ability to return to work.

Dr. Foox was appointed and found that Bell reached MMI on July 16, 2007, and further found an impairment rating of two percent. Dr. Foox determined that Bell could return to work immediately, July 16, 2007, but on light duty for the first month. Dr. Foox noted certain restrictions for the first month including no kneeling or squatting and no climbing of ladders or stairs. Dr. Foox stated that standing, walking, and sitting would be as tolerated by Bell. Dr. Foox stated that after one month, the restrictions could probably be removed entirely.

**Stage 1 – Benefit Review Conference**

Bell challenged Dr. Foox's MMI date and the impairment rating with the DWC. He did not directly challenge the return-to-work date as determined by Dr. Foox. At best, it could be said he challenged it indirectly by challenging the date of MMI. A benefit review conference was held on May 28, 2008, but the parties were unable to reach an agreement.

Bell did not seek a benefit review conference to dispute Dr. Foox's, the designated doctor, finding that he was able to return to work. Thus, Bell did not exhaust his administrative remedies as to that finding.

**Stage 2 – Contested Case Hearing**

A contested case hearing was held on July 1, 2008, to decide the disputed issues of the MMI date and the impairment rating. The Hearing Officer agreed with Dr.

Foox's findings and determined that Bell reached MMI on July 16, 2007, and that Bell has an impairment rating of two percent.

**Stage 3 – Administrative Appeal**

Bell requested a review of the Hearing Officer's determinations by the appeals panel. The appeals panel adopted the decision of the Hearing Officer.

**Stage 4 – Judicial Review**

Bell did not seek a judicial review of either of the disputed findings: MMI date or the impairment rating. Bell did not exhaust his administrative remedies. Thus, for all purposes, Bell cannot challenge, directly or indirectly, DWC's determination of the return-to-work date, the date he reached MMI, or his impairment rating.

### TERMINATION OF BELL'S EMPLOYMENT

Bell did not return to work after Dr. Foox's examination on July 16, 2007. On August 27, 2007, Amy Roessler, the human resource manager for Warren Labs, called Priscilla Griffith, a Texas Mutual adjuster, to inquire about the options available to Warren Labs concerning Bell. Roessler's notes from the telephone conversation state that Griffith told her Bell had reached MMI, Warren Labs does not have to find work for Bell, and Warren Labs does not have to hold a position for Bell.

Warren Labs terminated Bell on August 29, 2007. Bell filed suit against Warren Labs for wrongful termination and discrimination. Bell's suit against Texas Mutual alleges a cause of action for aiding and abetting, conspiracy, and tortuous interference with a contract. Texas Mutual filed a plea to the jurisdiction arguing that the trial court does not have subject matter jurisdiction over two key issues in the case: 1) whether

Bell was at MMI; and 2) whether Bell was able to return to work on August 27, 2007. Texas Mutual contends that Bell did not exhaust his administrative remedies with respect to those two issues. Texas Mutual's argument herein is that the trial court does not have jurisdiction of Bell's claims against Texas Mutual because Bell cannot prove his claims without challenging the finding of MMI and the impairment rating. We disagree with Texas Mutual.

### EXCLUSIVE JURISDICTION

The Workers' Compensation Act vests the Workers' Compensation Division with exclusive jurisdiction to determine a claimant's entitlement to medical benefits. *In re Liberty Mutual*, 295 S.W.3d 327, 328 (Tex. 2009); *American Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 803-04 (Tex. 2001). If an agency has exclusive jurisdiction to resolve a dispute, a party must first exhaust all administrative remedies before a trial court has subject matter jurisdiction. *O'Neal v. Ector County Indep. Sch. Dist.*, 251 S.W.3d 50, 51 (Tex. 2008). The determination of whether an agency has subject matter jurisdiction is treated as a question of law and reviewed de novo. *Subaru of America, Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 222 (Tex. 2002).

Texas Mutual argues that Bell's claims require a jury to determine the date of Bell's MMI and Bell's return-to-work date. Texas Mutual contends that those claims come within the exclusive jurisdiction of the DWC and that the DWC has already decided those claims. Texas Mutual further argues that the trial court does not have jurisdiction over the claims because Bell failed to exhaust his administrative remedies with regard to an administrative determination of these two critical facts.

Bell contends that Texas Mutual and Warren Labs conspired to terminate his employment. He argues that Texas Mutual encouraged Warren Labs to terminate him and assisted Warren Labs in his termination. Bell states that his claims are for wrongful termination and are not controlled by the DWC and that he will not ask the trial court to rule on or submit to the jury any question within the jurisdiction of the DWC.

## DISCUSSION

Bell's claims against Texas Mutual center around the telephone conversation between Griffith, an employee of Texas Mutual, and Roessler, an employee of Warren Labs. Bell states that in the conversation, Griffith misrepresented Bell's MMI because he was appealing the finding. Bell also states that Griffith misrepresented that Warren Labs did not have to allow Bell to return to work because of the American's With Disabilities Act and the worker's compensation anti-retaliation statute.

The trial court has jurisdiction to award damages only to the extent that relief is not dependent upon the direct or indirect adjudication of a matter within the DWC's exclusive jurisdiction. *Cunningham Lindsey Claims Mgmt., Inc. v. Snyder*, 291 S.W.3d 472, 477 (Tex. App.—Houston [14th Dist.] 2009, pet. filed). The DWC appoints a designated doctor to resolve any question about MMI and the ability to return to work. TEX. LABOR CODE ANN. § 408.0041(a)(2) & (5) (West Supp. 2010). The determination of MMI and the ability to return to work affect a claimant's entitlement to benefits which is within the exclusive jurisdiction of the DWC.

The determination of whether Griffith's statements misrepresented DWC's determination of Bell's MMI and ability to return to work do not involve a matter

within the DWC's exclusive jurisdiction. The trial court can adjudicate Bell's claims against Texas Mutual while Bell fully embraces, as he must, the accuracy and finality of the date he reached MMI, his percentage of impairment rating, and his return-to-work date. *See American Motorists Ins. Co. v. Fodge*, 63 S.W.3d at 804. Bell is not simply restating his workers' compensation claims under a different legal theory. *Id.* Bell cannot, however, directly or indirectly claim that the final determination of the date he reached MMI, the impairment rating, or the return-to-work date were wrong or otherwise improperly determined because he was required to exhaust his administrative remedies as to those disputed issues and he failed to do so; therefore, the DWC's decision as to each is final as determined by the DWC appeals panel.

## CONCLUSION

Bell did not exhaust his administrative remedies, and therefore, the trial court lacks jurisdiction to determine the issues within DWC's exclusive jurisdiction. The trial court did not, however, abuse its discretion by denying Texas Mutual's plea to the jurisdiction. Notwithstanding Bell's failure to exhaust his administrative remedies to challenge the DWC's now final decision, the trial court has jurisdiction of Bell's claims. The fact that Bell reached MMI on July 16, 2007, could return to work immediately, and had suffered a two percent impairment do not necessarily prevent the trial court from having jurisdiction of Bell's claims. We should not be understood as holding that Bell has a valid or legally cognizable claim, or will be able to prove facts necessary to establish the breach of any legal duty or damages proximately caused by such a breach, if any. All we hold in this mandamus proceeding is that the trial court is not deprived

of its jurisdiction to otherwise consider and resolve Bell's claims just because Bell is prohibited from challenging, either directly or indirectly, the final determinations of the DWC. For purposes of trial, the results of the DWC proceeding will be something akin to an uncontrovertible stipulation of fact or law-of-the-case that Bell reached MMI on July 16, 2007, that July 16, 2007 is his return-to-work date, and that he has a two percent impairment rating. Based on the foregoing analysis, we deny Texas Mutual Insurance Company's petition for writ of mandamus.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Petition denied
Opinion delivered and filed February 2, 2011
[OT06]