**REVERSED AND RENDERED and Opinion Filed July 17, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-01541-CV

**GREAT DIVIDE INSURANCE COMPANY, Appellant**
**V.**
**ALCUS RESHOD FORTENBERRY, Appellee**

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-06953**

## MEMORANDUM OPINION ON REMAND

Before Justices Reichek, Carlyle, and Kennedy[1]
Opinion by Justice Kennedy

This appeal arises from a workers' compensation judicial review proceeding in which Alcus Reshod Fortenberry sought to set aside an adverse decision of the Texas Department of Insurance, Division of Workers' Compensation's appeals panel (DWC Appeals Panel) adopting the hearing officer's earlier denial of his claim. Following a jury trial, the trial court set aside the decision of the DWC Appeals Panel and rendered a judgment awarding Fortenberry temporary income

---

[1] The Honorable Justice David Schenck, former Justice of this Court, authored the original memorandum opinion in this case; however, he did not participate in this decision on remand because his term of office expired on December 31, 2022. In accordance with the appellate rules, he was replaced on panel by the Honorable Justice Nancy Kennedy. TEX. R. APP. P. 41.1.

benefits under the Texas Workers' Compensation Act.  In our original opinion, we sustained Great Divide Insurance Company's (GDI) first issue challenging the trial court's venue determination and reversed the trial court's judgment and remanded the case for further consideration of the venue issue.  *See Great Divide Ins. Co. v. Fortenberry*, 665 S.W.3d 627 (Tex. App.—Dallas 2021), *rev'd*, 664 S.W.3d 807 (Tex. 2023).  Thereafter, the Texas Supreme Court granted Fortenberry's petition for review, concluded venue in Dallas County was mandatory under Labor Code Section 410.252(b), reversed our judgment, and remanded the case to this Court for consideration of GDI's remaining issues.  *Fortenberry v. Great Divide Ins. Co.*, 664 S.W.3d 807, 815 (Tex. 2023).  On remand, we reverse the trial court's judgment and render judgment in accordance with the decision of the Division of Workers' Compensation (DWC).  Because all issues are settled in law, we issue this memorandum opinion.  TEX. R. APP. P. 47.4.

**OVERVIEW OF WORKERS' COMPENSATION DISPUTE RESOLUTION PROCESS**

In order to appropriately frame the facts in this case, we will briefly review the process for adjudication of disputes under the Texas Workers' Compensation Act.  The act establishes a comprehensive system for resolving workers' compensation claims and provides the exclusive procedures and remedies for claims alleging that a workers' compensation carrier has improperly investigated, handled, or settled a worker's claim for benefits.  *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 438 (Tex. 2012).  There are four potential stages to the determination and

review of disputed issues in a workers' compensation claim. *In re Tex. Mut. Ins. Co.*, 333 S.W.3d 925, 927 (Tex. App.—Waco 2011, orig. proceeding). The first three are within the DWC, and the fourth is a judicial review. The three-stage hearing process before the DWC consists of: (1) the benefit review conference; (2) the contested case hearing; and (3) the administrative appeal. *Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 514–15 (Tex. 1995). A party that has exhausted its administrative remedies and that is aggrieved by a final decision of the appeals panel has the right to seek judicial review. TEX. LAB. CODE ANN. §§ 410.251, 410.301.

The benefit review conference is an informal proceeding aimed at resolving the disputed issues by mutual agreement. *Id.* § 410.021. The benefit review officer, after thoroughly informing all parties of their rights and responsibilities, mediates the dispute. *Id.* § 410.026(a). The officer may direct questions to the parties, but he or she may not take testimony or make a formal record. *Id.* § 410.026(c),(d). The officer prepares a report detailing each issue not settled at the conference. *Id.* § 410.031. The report must include the officer's recommendation regarding those issues and a recommendation regarding the payment or denial of benefits. *Id.* § 410.032.

If the matter is not resolved at the benefit review conference stage, the parties may proceed to a contested case hearing, which is a formal evidentiary proceeding with sworn testimony and prehearing discovery procedures. *Id.* § 410.151–.169.

The hearing officer decides the disputed issues by written decision containing factual and legal findings, awarding benefits if they are due. *Id.* § 410.168(a). The hearing officer's decision is final in the absence of a timely appeal by a party and is binding during the pendency of an appeal to the appeals panel. *Id.* § 410.169.

Any party may appeal the hearing officer's decision to an appeals panel within the DWC. *Id.* § 410.202. This appeal is not a trial de novo but is limited to review of the contested case hearing record. *Id.* § 410.203. The request for appeal and the opposing party's response must "clearly and concisely rebut or support the decision of the hearing officer on each issue on which review is sought." *Id.* § 410.202(c). After considering the parties' briefs and the record from the contested case hearing, the appeals panel may affirm the decision of the hearing officer, reverse and render a new decision, or remand no more than one time to the hearing officer for further consideration and development of the record. *Id.* § 410.203.

A party who is aggrieved by a final decision of the appeals panel may seek judicial review of the appeal panel's decision. *Id.* § 410.251. Issues regarding compensability or eligibility for and the amount of income or death benefits may be tried to a jury and are subject to a modified de novo review.[2] *Id.* § 410.301; *Garcia*, 893 S.W.2d at 528. The labor code defines "compensable injury" as "an injury that

---

[2] Modified de novo review means: (1) the trial court is informed of the DWC appeals panel's decision; (2) evidence of the extent of impairment is limited to that presented to the DWC, unless the court makes a threshold finding that the claimant's condition has substantially changed; and (3) the court is required to adopt the specific impairment rating arrived at by one of the physicians in the case. Lab. §§ 410.304, 410.306–.307; *Garcia*, 893 S.W.2d at 528.

arises out of and in the course and scope of employment for which compensation is payable" under the Workers' Compensation Act. LAB. § 401.011(1). Review is limited to issues decided by the DWC Appeals Panel and on which judicial review is sought. *Id.* § 410.302(b). The party appealing bears the burden of proof by a preponderance of the evidence. *Id.* § 410.303. The jury, although informed of the DWC Appeals Panel's decision, is not required to accord it any particular weight. *Id.* § 410.304(a).

**PROFESSIONAL ATHLETE'S AND WORKERS' COMPENSATION BENEFITS**

At the time of his injury, Fortenberry was employed by the Dallas Cowboys Football Club (Dallas Cowboys) as a football player. Texas workers' compensation law treats professional athletes, including those employed by a franchise of the National Football League, as a distinct class of employees. *See id.* § 406.095(a), (c). More particularly, Section 406.095 of the Workers' Compensation Act provides:

(a) A professional athlete employed under a contract for hire or a collective bargaining agreement who is entitled to benefits for medical care and weekly benefits that are equal to or greater than the benefits provided under this subtitle may not receive benefits under this subtitle and the equivalent benefits under the contract or collective bargaining agreement. An athlete covered by such a contract or agreement who sustains an injury in the course and scope of the athlete's employment shall elect to receive either the benefits

–5–

available under this subtitle or the benefits under the contract or agreement.

(b) The commissioner by rule shall establish the procedures and requirements for an election under this section.

LAB. § 406.095.

In connection with Section 406.095, the commissioner adopted rules 112.401 and 112.402. 28 TEX. ADMIN. CODE 112.401–.402. Rule 112.401(a) provides:

A professional athlete employed by a franchise with workers' compensation insurance coverage and subject to the Texas Labor Code, § 406.095, shall elect to receive either the benefits available under the Act or the equivalent benefits available under the athlete's contract or collective bargaining agreement. The election shall be made not later than the 15th day after the athlete sustains an injury in the course and scope of employment. If the athlete fails to make an election, the athlete will be presumed to have elected the option which provides the highest benefits.

*Id.* § 112.401(a). The remainder of Rule 112.401 pertains to the details of the athlete's election, including that it must be in writing and contain specific facts and circumstances.

Rule 112.402 provides:

(a) Medical care available to a professional athlete subject to the Texas Workers' Compensation Act (the Act), Texas Labor Code § 406.095, is equal to or greater than medical benefits under the Act if:

(1) the athlete is entitled to all health care reasonably required by the nature of the work-related injury as and when needed, including all health care that:

(A) cures or relieves the effects naturally resulting from the work-related injury;

(B) promotes recovery; or

(C) enhances the ability of the employee to return to or retain employment; and

(2) the employer's liability for health care is not limited or terminated in any way by the contract or collective bargaining agreement.

(b) When the athlete is not eligible for lifetime income benefits or when the athletes legal beneficiaries are not eligible for death benefits under the Act, weekly benefits available to a professional athlete subject to the Act, § 406.095, are equal to or greater than the income benefits provided under the Act if the total amount of the payments provided for in the contract or collective bargaining agreement is equal to or greater than the maximum weekly benefit available under the Act multiplied by 104.

*Id.* § 112.402.

An expressed or presumed election of benefits under the athlete's contract or a collective bargaining agreement means that the claimant is not entitled to benefits, including temporary income benefits, under the Workers' Compensation Act. LAB. § 406.095.

## BACKGROUND

On May 14, 2015, after graduating from Texas Tech University, Fortenberry entered into an NFL Player Contract with the Dallas Cowboys Football Club (Dallas Cowboys). While the term of the contract was for three football seasons, the contract contained various early termination provisions.

On August 2, 2015, Fortenberry sustained a work-related injury to his knee while practicing at the Dallas Cowboys' training camp in Oxnard, California. On August 5, Fortenberry was placed on injured reserve with an estimated recovery

period of nine to twelve months. On May 9, 2016, the Dallas Cowboys terminated Fortenberry's contract for failing to establish or maintain excellent physical condition to the satisfaction of the team's physician and because his skill or performance had been unsatisfactory as compared with that of other players.

Pursuant to the NFL Player Contract, Fortenberry received compensation from the Dallas Cowboys of $318,000 for the 2015 season. He received his last salary payment for the 2015 season on February 8, 2016. Fortenberry chose to receive injury protection payments under the NFL Collective Bargaining Agreement for the 2016 and 2017 seasons, totaling $166,500 and $139,500 respectively. All medical benefits Fortenberry was to receive under his NFL Player Contract ceased when his contract terminated.

Fortenberry filed a claim for workers' compensation benefits. GDI, the Dallas Cowboys' insurance carrier, accepted Fortenberry's injury, but disputed his right to receive indemnity benefits because (1) he "elected to continue to accept benefits under a contract for hire or a Collective Bargaining agreement pursuant to Labor Code Section 406.095, and Rule 112.401 and/or the election of remedies doctrine," or (2) he did not have a compensable disability.

Fortenberry filed a dispute with the DWC and requested a benefit review conference, followed by a contested case hearing. An Administrative Law Judge (ALJ) conducted the contested case hearing on December 4, 2017, which continued

and was concluded on January 30, 2018, to decide the following issues (1) disability, (2) Maximum Medical Improvement (MMI),[3] and (3) Impairment Rating (IR).

The DWC appointed Dr. Clayton Clark as the designated doctor to address the issues of MMI and IR. Dr. Clark certified that Fortenberry reached MMI on April 4, 2016, and assigned an IR of 1%. April 4 was the date Fortenberry's treating physician, Dr. Dan Cooper, indicated Fortenberry's knee was very stable and that he was ready for a sports performance program. He believed Fortenberry would need four full months to try to get ready for the NFL training camp. On July 20, 2017, Dr. Cooper certified Fortenberry had been cleared for full contact unrestricted participation in professional football. Nevertheless, at the contested case hearing, Fortenberry claimed he had not yet reached MMI. He provided no certification from a medical professional to support this assertion.

On February 20, 2018, the ALJ issued her decision and order in which she found that, pursuant to Administrative Rule 112.401(a), Fortenberry was presumed to have elected the Injury Protection Payments under the collective bargaining

---

[3] MMI means the earlier of:

    (A) The earliest date after which, based on reasonable medical probability, further material recovery from or lasting improvement to an injury can no longer reasonably be anticipated;

    (B) The expiration of 104 weeks from the date on which income benefits begin to accrue; or

    (C) The date determined as provided by Section 408.104 [addressing spinal injuries].

LAB. § 401.011(30).

agreement and that pursuant to Section 406.095 of the Labor Code, he was precluded from receiving disability benefits under the Workers' Compensation Act from August 2, 2015, the date of his injury, through the date of the contested case hearing, January 30, 2018. In addition, the ALJ determined Fortenberry reached MMI on April 4, 2016 with an IR of 1%, as determined by Dr. Clark.

Fortenberry pursued an administrative appeal to the DWC Appeals Panel. On May 1, 2018, the DWC Appeals Panel affirmed the ALJ's decision with the same rationale.

Fortenberry filed suit in district court seeking judicial review of the DWC Appeal Panel's decision. In his live pleading at the time of trial, Fortenberry raised the following issues:

> Issue Number One: "The ALJ improperly added an 'election of remedies' issue under Tex. Lab. Code §406.095 without the consent or agreement of the parties."

> Issue Number Two: "Even if the 'election of remedies' issue was properly added, the ALJ erred because Fortenberry's standard player contract required no election under Tex. Lab. Code §406.095 and Rules 112.401(a) and 112.402."

> Issue Number Three: "The ALJ erred in finding that Fortenberry reached maximum medical improvement on April 4, 2016 with a 1% IR since the undisputed medical evidence showed that he continued to receive medical care and treatment and was not released by the team doctor to return to professional football until July 20, 2017."

> Issue Number 4: "The ALJ erred in finding that the compensable injury was not a cause of claimant's inability to obtain and retain employment at wages equivalent to his pre-injury wage from July 20, 2017 through the date of the contested case hearing."

Issue Number 5: "The ALJ erred in finding that the 'Injury Protection Payments' during the 2016 and 2017 seventeen-week NFL seasons were post-injury earnings."

Issue Number 6: "The ALJ erred in finding that pursuant to Tex. Lab. Code § 406.095 Fortenberry is precluded from receiving disability benefits from on or about February 8, 2016[, the date Fortenberry received his last salary payment for the 2015 season] to the date of the contested case hearing on January 30, 2018."

Notwithstanding having raised issues with respect to the ALJ's determination concerning an election of benefits, Fortenberry filed a motion in limine seeking to constrain discussion of the election of benefits issue. More particularly, Fortenberry sought to prohibit, without a prior ruling from the court outside the presence of the jury, any mention "That [Fortenberry] made some kind of 'election' of benefits under Tex. Lab. Code §406.095, or, that any 'Injury Protection' payments made in 2016 or 2017 under [Fortenberry's] collective bargaining agreement represent post-injury payments and are somehow to be characterized as post-injury 'wages' under the Texas Labor Code." While there is no express ruling on Fortenberry's motion in limine in the record, it is apparent from various exchanges between Fortenberry's and GDI's attorneys and the trial court judge, that Fortenberry's motion was granted with respect to the election of benefits issue.

The case proceeded to a jury trial on October 16, 2019. At trial, Fortenberry focused on the issues of whether he was injured, whether he reached MMI and his IR. Fortenberry was the only witness to testify at trial and various documents were

–11–

admitted into evidence, including Fortenberry's NFL Player Contract with the Dallas Cowboys, various medical records, the ALJ's Decision and Order, and Dr. Clark's reports indicating Fortenberry had reached MMI on April 4, 2016, with an IR of 1%.

Fortenberry requested that the jury be charged on the questions of (1) whether his compensable injury was a producing cause of disability between February 8, 2016, the date he received his last salary payment for the 2015 season, and July 20, 2017, the date Dr. Cooper released him for full contact unrestricted participation in football, (2) the duration of his disability between February 8, 2016 and July 20, 2017, and (3) whether he had reached MMI. Fortenberry did not request a question on the issue of whether he had elected to receive benefits under his contract or a collective bargaining agreement or whether his benefits under his contract or a collective bargaining agreement would be greater than those he would receive under the Workers' Compensation Act. While GDI requested the inclusion of a jury instruction addressing the effect of the collective bargaining agreement and the required election of remedies under Section 406.095 of the Labor Code, the trial court did not charge the jury on the issue.

At the charge conference, the trial court asked the parties if they had any objections to the charge. Fortenberry's attorney responded, "No objections, Your Honor." GDI's attorney voiced two objections, one to Question No. 3 asking whether Fortenberry had not reached MMI and to the absence of a question regarding

the IR. The trial court overruled GDI's objections and submitted the following questions to the jury.

**Question No. 1:**

Was Alcus Reshod Fortenberry's compensable injury a producing cause of disability between February 8, 2016 and July 20, 2017?

Answer "yes" or "No":

Answer: _____.

If you have answered "yes" to Question No. 1, then answer Question No. 2. Otherwise, do not answer Question No. 2.

**Question No. 2:**

What is he duration of Alcus Reshod Fortenberry's disability between February 8, 2016 and July 20, 2017?

Beginning date: _____.
Ending date: _____.

**Question No. 3:**

Has Alcus Reshod Fortenberry not reached maximum medical improvement?

Answer:

"Yes, he has not reached maximum medical improvement."
"No, he has reached maximum medical improvement[.]"

Answer: _____.

The jury answered Question No. 1 "Yes," Question No. 2 Beginning date: "2.8.16," Ending date: "7.20.17," and Question No. 3 "Yes, he has not reached maximum medical improvement." The trial court entered a final judgment on the

–13–

jury's verdict, setting aside the DWC Appeals Panel's decision and awarding Fortenberry temporary income benefits. This appeal followed.

## DISCUSSION

We begin with a general discussion of the judicial review process and the burdens associated with same. A judicial review of a DWC Appeals Panel's decision is conducted under a modified de novo standard of review. LAB. § 410.301(a); *Garcia*, 893 S.W.2d at 530. The DWC Appeals Panel's decision may be tried to either the court or a jury, with the appealing party bearing the burden of proof by a preponderance of the evidence. LAB. §§ 410.302–.303. The trial is "limited to issues decided by the appeals panel and on which judicial review is sought." *Id.* § 410.302(b). It is the appealing party's burden to secure jury findings on material controlling issues necessary to support the judgment. *Vestal v. Gulf Oil Corp.*, 235 S.W.2d 440, 422 (Tex. 1951). A judgment may not be rendered in favor of the appealing party when that party does not discharge that burden. *Union Mut. Life Ins. Co. v. Meyer*, 502 S.W.2d 676, 679 (Tex. 1973).

In its third and fourth issues, GDI asserts the trial court erred in awarding Fortenberry temporary income benefits because he failed to prove and obtain findings that (1) he did not make an election under Section 406.095 of the Labor Code and (2) he would not receive greater benefits under the NFL Collective

–14–

Bargaining Agreement.[4]  GDI further asserts that without such proof and findings, Fortenberry is not entitled to any recovery, regardless of any jury findings on MMI or disability.  In response, Fortenberry attempts to defend the trial court's judgment on three bases.  Specifically, he claims he was not required to obtain a jury finding on the issue of election of benefits because (1) as a matter of law, he was not required to make an election under Section 406.095, (2) GDI waived its election of benefits defense by not raising it during the administrative process, and (3) the ALJ exceeded her authority in sua sponte raising and deciding the election of benefits issue.  For the reasons set forth herein, we conclude GDI's arguments have merit and Fortenberry's do not.

## I.     Fortenberry's Assertion an Election was not Required Under Section 406.095

Fortenberry cites our sister court's decision in *Gulf Insurance Co. v. Hennings* claiming it establishes, as a matter of law, no election of benefits is required when an employer contract, such as his contract with the Dallas Cowboys, limits a professional athlete's future medical benefits because Rule 112.402(a)(2) provides

---

[4] Specifically, GDI's third and fourth issues assert:

The trial court erred in awarding Temporary Income Benefits because Fortenberry failed to plead or prove that he did not make an election under Texas Labor Code § 406.095 and did not receive greater benefits under the Collective Bargaining Agreement, therefore he was precluded from seeking benefits based on disability.

Because the Division found Fortenberry made an election under Texas Labor Code § 406.095 that precluded entitlement to Temporary Income Benefits, and because Fortenberry failed to present evidence and submit an issue on that finding, Fortenberry waived the issue. Therefore, any findings relating to MMI and disability are moot.

medical care available to a professional athlete is equal to or greater than medical benefits under the Workers' Compensation Act *if* the employer's liability for health care is not limited or terminated in any way by the contract or collective bargaining agreement. 283 S.W.3d 381, 388–89 (Tex. App.—Waco 2008, pet. denied). *Hennings* is distinguishable from the current case and illustrates a jury question on the issue should have been submitted. In *Hennings*, in contrast to here, the DWC Appeals Panel affirmed the ALJ's finding Hennings was not barred from pursuing workers' compensation benefits because his employment medical benefits were not equal to or greater than the benefits under the Workers' Compensation Act, and the carrier, as the appealing party, sought and obtained a jury finding on the issue of election of benefits.[5] The jury resolved that issue against the carrier. On appeal, the

[5] Question 1 in the court's charge asked the following:

> 1. Do you find from a preponderance of the evidence that the benefits available to Chad Hennings under his contract and collective bargaining agreement post injury were equal to or greater than the benefits available to him under the workers compensation act?

> You are instructed that medical care available to a professional athlete subject to the act is equal to or greater than medical benefits under the act if:

>> (1) the athlete is entitled to all health care reasonably required by the nature of the work-related injury as and when needed, including all health care that:

>>> (A) cures or relieves the effects naturally resulting from the work-related injury;

>>> (B) promotes recovery; or

>>> (C) enhances the ability of the employee to return to or retain employment; and

>> (2) the employer's liability for health care is not limited or terminated in any way by the contract or collective bargaining agreement.

> You are further instructed that when the athlete is not eligible for lifetime income benefits, weekly benefits available to a professional athlete subject to the act are equal to or greater than the income benefits provided under the act if the total amount of the payments

carrier challenged the factual sufficiency of the jury's finding, and the court of appeals concluded, even though there was no evidence quantifying the value of lifetime medical benefits under the Workers' Compensation Act, the jury could have reasonably inferred that workers' compensation benefits were greater. *Id.* at 388. Thus, we conclude *Hennings* does not support Fortenberry's assertion he was not required to obtain a finding on the issue of election of benefits.[6]

## II. Fortenberry's Assertion GDI Waived the Election of Benefits Issue

Next, Fortenberry contends GDI waived the election of benefits issue by not raising it at the administrative level and that, notwithstanding his receipt of GDI's August 3, 2015 letter indicating it was denying him income benefits based on "Labor Code 406.095, and Rule 112.401 and/or election of remedies doctrine," which was filed with the Workers' Compensation Commission, he did not have fair warning that Section 406.095 was involved in his case. Fortenberry cites to DWC Appeals Panel Decisions reversing the ALJ's decisions the claimants elected benefits under

---

provided for in the contract or collective bargaining agreement is equal to or greater than the maximum weekly benefit available under the act multiplied by 104.

Answer yes or no. _____

[6] Fortenberry also claims Appeals Panel Decision No. 022707, 2002 WL 32828820 (Dec. 10, 2002) supports his contention he did not have to make an election, but that decision supports a conclusion that whether benefits are higher under the Workers' Compensation Act, or a contract or collective bargaining agreement, is inherently a factual determination. With respect to Appeals Panel Decision No. 51656, 2005 WL 2515842 (Sept. 14, 2005), the Appeals Panel reversed the hearing officer's decision because he mistakenly applied a bifurcated standard in which he determined indemnity benefits were greater under the collective bargaining agreement but that medical benefits were greater under the Workers' Compensation Act.

their employment or collective bargaining agreements because the carrier waived *all* affirmative defenses. In those cases, unlike here, the appeals panels determined the carriers waived all affirmative defenses because they failed to take required action under Section 409.021 within seven days of receiving notice of the injury. *See* Appeals Panel Decision No. 040347, 2004 WL 1240346 (Apr. 1, 2004); Appeals Panel Decision No. 041570, 2004 WL 2514461 (Aug. 26, 2004); *see also* LAB. § 409.021. Here, the record shows GDI took action within seven days of the notice of injury and thus, did not waive its ability to raise defenses to Fortenberry's claim for benefits. Thus, the Appeals Panel Decisions Fortenberry cites are not instructive here other than to highlight the fact that waiver is an issue that could have been raised before the DWC Appeals Panel and nothing in the record before us indicates Fortenberry did so as the DWC Appeals Panel's decision does not address same. Moreover, had Fortenberry asserted his waiver argument before the DWC Appeals Panel without success, as more fully discussed herein, it would have been his burden to raise the issue and obtain a finding on judicial review. We conclude Fortenberry failed to preserve his waiver issue.

### III.   Fortenberry's Assertion the ALJ Exceeded her Authority

Finally, Fortenberry contends that the ALJ improperly added an election of remedies issue without the consent of the parties in contravention of Section 410.151, which requires the consent of the parties or a good cause determination by the commissioner to include an issue that was not raised at the benefit review

–18–

conference. LAB. § 410.151(b). Fortenberry cites to an Appeals Panel Decision reversing the ALJ's decision and concluding the ALJ abused his discretion by adding a new issue after the contested case hearing. Appeals Panel Decision No. 190915, 2019 WL 3857990 (July 19, 2019). While the claimant in that Appeals Panel Decision appears to have presented this issue to the DWC Appeals Panel, nothing in the record before us indicates Fortenberry did so when he appealed the ALJ's decision to the DWC Appeals Panel. And had he done so without success, he would have been required to pursue an action under the Administrative Procedures Act. *See* LAB. § 410.153 (Chapter 2001 of Government Code generally applies to contested case hearing); TEX. GOV'T CODE ANN. §§ 2001.174(2)(b)–.176 (addressing review under substantial evidence rule and assertions that an administrative finding or decisions exceeded the agency's authority). This he did not do. Accordingly, Fortenberry's complaint regarding the ALJ exceeding her authority does not impact our resolution of this appeal.

Having found unavailing Fortenberry's attempts to justify his decision not to present evidence or obtain a finding on the issue of election of benefits, we now turn to merits of GDI's contentions in this regard.

## IV. Election of Benefits and Entitlement to Temporary Income Benefits

Under Section 408.101(a) of the Labor Code, an employee is entitled to temporary income benefits if he or she has a disability and has not attained MMI. LAB. § 408.101(a); 28 ADMIN. §129.2. Disability is defined as "the inability because

of a compensable injury to obtain and retain employment at wages equivalent to the preinjury wage." LAB. § 401.011(16). Regardless of whether an employee has a disability and has reached MMI, no entitlement to temporary income benefits under the Workers' Compensation Act exists if the employee made an election to receive benefits under a professional athlete's contract or a collective bargaining agreement. *Id.* § 406.095(a).

An election under Section 406.095 is required when a professional athlete is employed under a contract for hire or a collective bargaining agreement and is entitled to benefits for medical care and weekly benefits that are equal to or greater than the benefits provided under the Workers' Compensation Act. *Id.* If the athlete fails to make an election, the athlete will be presumed to have elected the option that provides the highest benefits. 28 ADMIN. § 112.401.

> In this case, at the contested case hearing, the ALJ found, in part:
>
> From February 9, 2016, through the date of the contested case hearing, [Fortenberry] was paid Injury Protection Payments under a collective bargaining agreement.
>
> Pursuant to Rule 112.401(a) [Fortenberry] is presumed to have elected the Injury Protection Payments.
>
> Pursuant to Section 406.095, [Fortenberry] is precluded from receiving disability benefits from August 2, 2015, through the contested case hearing.

The DWC Appeals Panel affirmed the ALJ's decision and the ALJ's Decision and Order of February 20, 2018 became the final decision of the DWC Appeals Panel. LAB. § 410.204(c).

Whether Fortenberry elected to receive benefits under the NFL Collective Bargaining Agreement is an issue regarding compensability that he had the burden of presenting and succeeding on in his suit for judicial review in order to be entitled to receive temporary income benefits under the Workers' Compensation Act. *Id.* §§ 406.095; 410.301–.303. Thus, in addition to pleading he was aggrieved by the DWC's determination that he is presumed to have elected to receive Injury Protection Payments under the NFL Collective Bargaining Agreement, Fortenberry had the burden of proof on this issue and the burden to obtain a jury finding in his favor. *Id.* §§ 410.302(b); 410.303 ("The party appealing the decision [of the appeals panel] on an issue [regarding compensability or eligibility for or the amount of income or death benefits] has the burden of proof by a preponderance of the evidence."); *Tex. Mut. Ins. Co. v. Havard*, 01-07-268-CV, 2008 WL 598347, at *3 (Tex. App.—Houston [1st Dist.] March 6, 2008, no pet.) (mem. op.) (noting that in appeals from Texas Workers' Compensation Commission, burden is on party who did not prevail to prove no valid basis exists for decision of the commission); *see also* TEX. R. CIV. P. 279 ("Upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and no element of which is submitted or requested are waived.").

We recognize that the issue of election of remedies (or benefits) is typically an affirmative defense for which the party disputing a claim generally has the burden of proving and obtaining a finding in support thereof. *See Am. Cas. Co. of Reading, Penn. v. Martin*, 97 S.W.3d 679, 685 (Tex. App.—Dallas 2003, no pet.). But here, in seeking judicial review of the DWC Appeals Panel's decision, Fortenberry, not GDI, had the burden of establishing he did not elect to receive benefits under the NFL Collective Bargaining Agreement or he was not required to make an election. *See, e.g.*, *Bituminous Fire & Marine Ins. Co. v. Ruel*, No. 07-12-00507-CV, 2014 WL 2553348, at *3 (Tex. App.—Amarillo June 4, 2014, pet. denied) (mem. op.) (because Ruel's claim was denied at the administrative level, he had the burden of proving by a preponderance of the evidence that he was not intoxicated at the time of the accident); *Am. Interstate Ins. Co. v. Hinson*, 172 S.W.3d 108, 114 (Tex. App.—Beaumont 2005, pet. denied) (same); *see also* LAB. § 406.032(1)(A) (workers' compensation laws of Texas prohibit recovery of compensation where the employee is intoxicated).

At trial, Fortenberry did not present evidence suggesting the benefits under the NFL Player Contract or the NFL Collective Bargaining Agreement were not equal to or greater than those available under the Workers' Compensation Act. Specifically, Fortenberry did not present evidence establishing he would have received greater medical care and weekly benefits under the Workers' Compensation Act than he would have received under his NFL Player Contract or the collective

–22–

bargaining agreement, obviating a need to make an election. At trial, Fortenberry acknowledged that the amounts he received as Injury Protection Payments under the NFL Collective Bargaining Agreement are greater than the maximum weekly temporary income benefit of $861 under the Workers' Compensation Act, which would have yielded Fortenberry a yearly income of approximately $44,772 during any determined eligibility period. No mention was made regarding medical care benefits, presumably because Fortenberry was seeking to receive temporary income benefits only.

In addition to failing to satisfy his burden of proving he was not required to make an election of benefits, Fortenberry failed to satisfy his burden of obtaining a jury finding in his favor in this regard.

Rule 279 of the Texas Rules of Civil Procedure provides that if no element of an independent ground of recovery or defense is requested or submitted, that independent ground or defense is waived unless it is conclusively established. TEX. R. CIV. P. 279. Where no element of a ground of recovery or a defense and no element necessarily referable to a ground of recovery or a defense is submitted, the ground of recovery or defense is waived, and the opposing party need not object in order to preserve error. *Id.*; *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 481 (Tex. 2017); *see also Little Rock Furniture Mfg. Co. v. Dunn*, 222 S.W.2d 985, 990 (Tex. 1949) (explaining that before a party is entitled to judgment, it must satisfy its burden of obtaining jury findings in its favor on every essential element of its claim).

–23–

Having chosen not to request a jury question on the issue of election of benefits, Fortenberry waived his claim he is entitled to benefits under the Workers' Compensation Act.  *See* TEX. R. CIV. P. 279.

Absent a predicate finding that the benefits under Fortenberry's NFL Player Contract or the NFL Collective Bargaining Agreement were not greater than the benefits he would have received under the Workers' Compensation Act, findings of disability and MMI have no impact on Fortenberry's entitlement to benefits.  No basis remains for Fortenberry to recover under the Workers' Compensation Act.  *See Clayton W. Williams, Jr. v. Olivo*, 952 S.W.2d 523, 529 (Tex. 1997); *see also BP Am. Prod. Co. v. Red Deer Res., LLC*, 526 S.W.3d 389, 403 & n.6 (Tex. 2017) (rendering judgment in favor of the defendant when the plaintiff "submitted a theory upon which it could not recover" and failed to request and obtain findings to support judgment in its favor on a proper theory of recovery).  We sustain GDI's third and fourth issues.

Having determined that the trial court erred in awarding Fortenberry temporary income benefits, we need not address GDI's second, fifth and sixth issues concerning (1) whether an award of temporary income benefits was an appealable issue in the case, (2) whether the trial court erred in admitting unauthenticated medical records into evidence, and (3) the sufficiency of the evidence to support the jury's finding Fortenberry had not reached MMI.  TEX. R. APP. P. 47.1.

## CONCLUSION

Fortenberry failed to carry his burden of proving and obtaining a jury finding that he would not have received greater benefits under his NFL Player Contract or the NFL Collective Bargaining Agreement and therefore was not entitled to a judgment awarding him temporary income benefits. We reverse the judgment of the trial court and render judgment in accordance with the decision and order of the DWC Appeals Panel.

/Nancy Kennedy/
NANCY KENNEDY
191541F.P05                                          JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GREAT DIVIDE INSURANCE
COMPANY, Appellant

No. 05-19-01541-CV        V.

ALCUS RESHOD
FORTENBERRY, Appellee

On Appeal from the 134th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-18-06953.
Opinion delivered by Justice
Kennedy. Justices Reichek and
Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and judgment is **RENDERED** that:

judgment is rendered in accordance with the Division of Workers' Compensation Appeals Panel's decision.

It is **ORDERED** that appellant GREAT DIVIDE INSURANCE COMPANY recover its costs of this appeal from appellee ALCUS RESHOD FORTENBERRY.

Judgment entered this 17th day of July 2023.